

FILED
NOV 21 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KELLY WARD, | CIV 13-1015 |
| | CR 08-10037 |
| Petitioner, | |
| | |
| -vs- | OPINION AND ORDER DENYING |
| | MOTION TO VACATE |
| UNITED STATES OF AMERICA, | |
| | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of assault with a dangerous weapon, assault by striking, beating, or wounding, assaulting a federal officer, and discharging a firearm during a crime of violence. He was sentenced on November 9, 2009, to a total sentence of 155 months custody, which included 120 months consecutive for the discharging a firearm count. He did not appeal his convictions or sentence and his convictions became final in November 2009.

In January 2013, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The motion was denied upon initial consideration as untimely after consideration of various claimed reasons for tolling the one year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255.

Petitioner has filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending that he is entitled to be resentenced based upon the United States Supreme Court's June 17, 2013, opinion in Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151 (2013). Alleyne requires that any fact that increases the mandatory minimum penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. Alleyne v. United States, ___ U.S. at ___, 133 S.Ct. at 2155. Alleyne is an extension of the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

Pursuant to the AEDPA, the motion to vacate is timely if filed within a year of the date on which the right asserted was newly recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). The Supreme Court did not hold that Alleyne was retroactive. Even Apprendi, upon which Alleyne was based, was not applied retroactively. Burton v. Fabian, 612 F.3d 1003, 1010 n. 4 (8th Cir. 2010). Thus, Alleyne does not extend the period of limitations and petitioner's motion to vacate is not timely.

Further, petitioner's second motion to vacate must be denied because Alleyne does not entitle him to relief. Petitioner was indicted, *inter alia*, for discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). That statute has progressively higher mandatory minimum penalties for use or carrying, brandishing, or discharging a firearm during or relation to a crime of violence. In this case, the indictment properly alleged the enhancing fact - discharge of the firearm - and the jury was instructed that in order to convict the defendant they must find beyond a reasonable doubt that he discharged the firearm. The jury returned a verdict of guilty on that count and defendant was properly sentenced to the ten year mandatory minimum sentence for that crime.

In any event, petitioner is not entitled to proceed on his second or successive motion to vacate. Rule 9(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Petitioner could not have asserted his Alleyne claim in his prior 2255 motion because the United States Supreme Court did not issue its opinion in Alleyene until this last summer. Nonetheless, a successive § 2255 motion requires certification by the United States Court of Appeals before filing. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Petitioner has not obtained the required certification.

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

Dated this 21st day of November, 2013.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Poupke*
DEPUTY
(SEAL)